United States District Court
Southern District of Texas
**ENTERED**
July 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Joe Miranda,<br>  Petitioner, | § § § | |
| v. | § § | Civil Action H-21-809 |
| Henry A. Trochesset,<br>Galveston County Sheriff,<br>  Respondent. | § § § § | |

# Report and Recommendation

On March 8, 2021, Joe Miranda filed a pretrial petition for writ of habeas corpus under 28 U.S.C. § 2241. (D.E. 1.) He challenges the lawfulness of his pretrial detention due to the risk of contracting COVID-19 while in custody of the Galveston County Jail. He asks this court to order that he be released on a personal recognizance bond pending trial. Respondent moves to dismiss, asserting that Miranda's claim is moot because he has been convicted, sentenced, and transferred from the Galveston County Jail to the custody of the Texas Department of Criminal Justice (TDCJ). (D.E. 11.)

A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). In other words, "an action is moot when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007).

Miranda asks the court to release him on a personal recognizance bond pending trial in lieu of "prolonged pretrial detention." (D.E. 1.) After Miranda filed his habeas petition, he pleaded guilty to the charges pending against him. (D.E. 11-7.) Miranda is no longer waiting for trial. He was released from the

Galveston County Jail on May 18, 2021, and transferred to the custody of TDCJ. (D.E. 11-3.) Any habeas relief that the court could grant has been rendered moot by Miranda's conviction and discharge from pretrial confinement. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (determining release from pretrial confinement to be moot after petitioner was convicted and no longer in pretrial confinement); *Wade v. Anderson*, No. CIV.A.4:09-CV-684-Y, 2010 WL 930991 (N.D. Tex. Mar. 15, 2010) (finding that the petitioner's guilty plea and conviction rendered his challenge to pretrial detention moot). The court therefore recommends that Miranda's petition be dismissed as moot.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 29, 2021.

Peter Bray
United States Magistrate Judge